## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CR-0006-CVE** |
| | ) | |
| **FRANCISCO GOMEZ-SANCHEZ,** | ) | |
| **IRVING ROBLES-SANCHEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is defendants' unopposed Motion to Continue the Pre-Trial Conference and Trial Dates (Dkt. # 32). Defendants are charged with conspiracy to possess with intent to distribute heroin and to distribute heroin (count one) and possessing with intent to distribute heroin (count two). Dkt. # 25. Francisco Gomez-Sanchez is also charged with being an alien in the United States after deportation (count three). Defendants request a 30-day continuance of the jury trial currently set for February 18, 2014, and the government does not oppose defendants' motion. Defendants have executed speedy trial waivers. Dkt. ## 33, 34.

Defendants' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

An indictment was returned against both defendants on January 8, 2014, and counsel for Robles-Sanchez received a discovery packet on January 14. Dkt. # 25; Dkt. # 32, at 2. Defendants were arraigned on January 21, 2014. Dkt. ## 30, 31. Neither defendant speaks English and an interpreter is necessary to review the evidence and discuss the charges with them. Dkt. # 32, at 2. Additionally, defendants note that this case arises out of a lengthy investigation in Oklahoma City, Oklahoma, and agents from several jurisdictions are involved. Id. Discovery must be reviewed from both Tulsa and Oklahoma City, and investigations involve a number of locations, individuals, informants, and surveillances, along with at least one controlled buy. Id. Defendants request a

continuance in order to allow defense counsel adequate time to investigate the case, review the discovery, confer with their clients and to either continue negotiations with the government or prepare for trial. Id.

The Court has considered defendants' motion for a continuance and finds that defendants' request is reasonable. Defendants' counsel require additional time to investigate this case, review the evidence, discuss this evidence with their clients, and prepare for trial. Considering all of these factors and the severity of the charges against the defendants, the Court finds that the trial of this matter should be continued to the March 2014 jury trial docket. In addition to the interests of the defendants, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendants' unopposed Motion to Continue the Pre-Trial Conference and Trial Dates (Dkt. # 32) is **granted**. The jury trial set for February 18, 2014 at 9:15 a.m. is **stricken**. The pretrial/motions hearing set for February 6, 2014, at 10:00 a.m. is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **March 4, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | March 10, 2014 |
| **Jury Trial:** | **March 17, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between February 18, 2014 and March 17, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 5th day of February, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE